UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-70 |
| | ) | (PHILLIPS/GUYTON) |
| TERRENCE LAQUINCY WATSON, | ) | |
| RUDOLPH VALENTINE CAMPBELL, III, | ) | |
| and DEMETRIUS GILMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. The parties appeared before the Court on December 2, 2009, for a scheduled motion hearing, to address numerous pretrial motions that are currently pending in this matter. Assistant United States Attorney Melissa Millican was present representing the Government. Attorney Jonathan Moffatt was present representing Defendant Watson; Attorney Randall Reagan was present representing Defendant Campbell; and Attorney James Varner, Jr., was present representing Defendant Gilmore. The hearing was recessed and reconvened on December 18, 2009.

**I.    BACKGROUND**

On August 12, 2009, Defendant Campbell filed a number of pretrial motions in this case, including: Motion for Severance of Defendants [Doc. 27]; Motion for Pretrial Production of Witness Statements [Doc. 29]; Motion for Exculpatory Evidence [Doc. 30]; and Motion for Disclosure of Material Witnesses [Doc. 31]. At a hearing held on August 17, 2009, Defendant Watson and Defendant Gilmore orally moved to adopt Defendant Campbell's motions, and the Court granted

this request.  On September 9, 2009, the Government filed a consolidated response opposing each of the motions. [Doc. 34].

On December 16, 2009, Defendant Campbell filed a Motion for Bill of Particulars [Doc. 39], to which the Government responded on December 17, 2009 [Doc. 41].  At the hearing held December 18, 2009, Defendants Gilmore and Watson moved to join in the Motion for Bill of Particulars, and the Court granted this oral motion.  The Government represented that its response to the motion was applicable to all of the Defendants.

## II.   ANALYSIS

The Court finds that the Motion for Severance of Defendants [Doc. 27], Motion for Pretrial Production of Witness Statements [Doc. 29], Motion for Exculpatory Evidence [Doc. 30], Motion for Disclosure of Material Witnesses [Doc. 31], and Motion for Bill of Particulars [Doc. 39], have been fully-briefed and are now ripe for adjudication.  The Court will address each motion in turn.

### A.   **Motion for Severance of Defendants [Doc. 27]**

The Motion for Severance of Defendants [Doc. 27] states that Defendant Campbell will be unfairly prejudiced if he is tried with his co-defendants.  With Defendant Gilmore and Watson now joining in the Motion for Severance, the Motion effectively asks that all the Defendants be separated due to the danger of unfair prejudice.  Defendant Campbell maintains that his co-defendants would provide testimony exculpatory to him at a separate trial.  Again, with Defendants Gilmore and Watson joining in this motion, the representation to the Court now appears to be that the co-defendants will all provide exculpatory evidence to one another.

2

Rule 8 of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Nonetheless, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Prior to ruling on a motion to sever, a court may order an in camera inspection of any defendant's statement that the government intends to use as evidence. Fed. R. Crim. P. 14(b). Once defendants and counts are jointly charged, the defendant has the burden of proving substantial, undue or compelling prejudice warranting severance. United States v. DeFranco, 30 F.3d 664, 669-70 (6th Cir. 1994).

As the Court of Appeals for the Sixth Circuit has explained, generally, persons indicted together should be tried together. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992). Where the same evidence is admissible against all defendants, severance should not be granted, and even where some evidence is admissible against some defendants and not others, severance is not required. Id. Further a defendant is not entitled to severance because the proof against a co-defendant is greater than that against the defendant. Id. Moreover,

> [h]ostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that defendants be tried separately. Neither does a difference in trial strategies mandate separate trials. The burden is on defendants to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty."

3

Id. (internal citations omitted).

In applying this rule, the Court of Appeals has held that arguments that a defendant "would have called codefendants as witnesses" hold no weight, where the defendant has failed to "indicate that a codefendant will, in fact, testify if the cases are severed" United States v. Elder, 90 F.3d 1110, 1120 (6th Cir. 1996) (quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir.1987)).

In the instant matter, the defendants have simply stated that "several of the co-defendants would give testimony exculpatory to [one another] at a separate trial. Further, in this case, several of the co-defendants have made statements that would be admissible against them at trial, but not against [other co-defendants]." [Doc. 28 at 2]. This statement, without more, does not necessitate severance. The Defendants have not directed the Court to any statements or specific expected testimony that would weigh in favor of severance. See Elder, 90 F.3d at 1120. Further, even assuming that there was specific, expected testimony that would be applicable to one or two of the Defendants, the Defendants are not entitled to severance simply because of the limited applicability. Warner, 971 F.2d at 1196.

Finally, while the Defendants' Motion cites Bruton v. United States, 391 U.S. 123 (1968), the Defendants have not directed the Court to any co-defendants statements that are likely to implicate a Bruton issue, nor have they presented any evidence that statements of non-testifying co-defendants are likely to be presented in this matter. The Government has not indicated that non-testifying co-defendants statements are likely to be an issue. Nonetheless, to the extent a Bruton issue may actually present itself at trial, the District Court will rule on that issue, as it will know what statements are being moved for admission and whether the person making that statement will not be testifying.

4

Case 3:09-cr-00070-TWP-HBG   Document 50   Filed 02/24/10   Page 4 of 9   PageID #: 345

Based on the foregoing, the Court finds that the Motion for Severance of Defendants **[Doc. 27]** is not well-taken, and it is **DENIED**.

B.  **Motion for Pretrial Production of Witness Statements [Doc. 29]**

In the Motion for Pretrial Production of Witness Statements [Doc. 29], the Defendants move the Court to order the Government to produce statements of co-defendants before trial in order for counsel to have time to review such statements pretrial and to avoid recesses during trial for examination of these statements. The Government responds that in compliance with the Order on Discovery and Scheduling [Doc. 19] the Government will "timely provide Jencks Act materials to the defendants." [Doc. 34 at 4].

At the hearings held on December 2 and 18, 2009, the Government provided the Defendants with a number of statements and agreed that given the upcoming trial in this matter there was little reason to withhold these materials. [Doc. 45 at 48]. The Court finds that, to the extent any other statements by the Defendants have not been turned over to the Defendants, the Government shall now turn those statements over. Accordingly, the Court finds that the Motion for Pretrial Production **[Doc. 29]** is well-taken, and it is **GRANTED**, in that statements by the Defendants that have not been provided to the Defendants shall now be provided to the Defendants.

C.  **Motion for Exculpatory Evidence [Doc. 30]**

In the Motion for Exculpatory Evidence [Doc. 30], the Defendants move the Court to order the Government to produce any exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. The Government responds that it will comply with the Order on Discovery and Scheduling [Doc. 19] and that it will disclose any Brady materials to the Defendants in a timely manner and in compliance with applicable case law from the Court of Appeals for the Sixth Circuit.

5

The Supreme Court of the United States has held that the government violates due process when it withholds from a defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87 (1963). The Court's Order on Discovery and Scheduling addresses the Government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir.1988).

[Doc. 19 at ¶ E].

The Government submits that it is aware of its obligations under Brady. The Defendants have not directed the Court to any evidence indicating the Government either does not understand or has somehow failed to comply with the above. Nor have Defendants directed the Court to any circumstances that would compel the Court to deviate from its standard instruction. Thus, the Court finds that the Order on Discovery and Scheduling [Doc. 19] sufficiently addresses the Defendant's concerns. Accordingly, the Court finds that the Motion for Exculpatory Evidence **[Doc. 30]** is not well-taken, and it is hereby **DENIED**.

D.     **Motion for Disclosure of Material Witnesses [Doc. 31]**

The Motion for Disclosure of Material Witnesses [Doc. 31] requests that the Court "order the Government to inform defense counsel, in writing, of the names and addresses of all persons known to the United States Attorney, or other law enforcement officers or agents, to have been present at the times and places of the offenses alleged in the indictment in the above-captioned cause." The Government responds that the Defendants' request is contrary to Rule 16 of the Federal

Rules of Civil Procedure and that the case on which the Defendants rely is contrary to the applicable case law of the Court of Appeals for the Sixth Circuit. The Government maintains that the motion should be denied.

The Court of Appeals for the Sixth Circuit has held that, "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Civ. P. 16).

The Court finds that the Defendants' have not directed the Court to any extraordinary circumstances that would garner a deviation from this rule. The Court therefore finds that the Defendants are not entitled to the information requested. Accordingly, the Court finds that the Motion for Disclosure of Material Witnesses **[Doc. 31]** is not well-taken, and it is **DENIED**.

**E.     Motion for Bill of Particulars [Doc. 39]**

At the hearing held December 2, 2009, the Defendants requested and were given leave to file a motion regarding a bill of particulars on or before December 18, 2009. [Doc. 38 at 118-19]. The Motion for Bill of Particulars was filed December 16, 2009. Thus, the Court finds the Motion for Bill of Particulars to be timely, and to the extent that the Government objects to the Defendants' Motion for Bill of Particulars as untimely, the Court finds this objection is not well-taken.

In substance, the Motion for Bill of Particulars [Doc. 39] requests specification of the date and location of the alleged offense, along with specification of the firearms and ammunition that the Defendants are alleged to have possessed. Despite asking for specification of all of these facts, the Defendants have essentially argued that the date of the charge should be clarified. The Defendants note that the Indictment [Doc. 1] charges that the Defendants possessed firearms and ammunition "on or about January 5, 2009." However, at the hearings held on the suppression issue, the

7

Government elicited testimony regarding whether the Defendants possessed firearms on December 31, 2009. [See Doc. 38 at 87, 94]. The Motion also requests disclosure of conduct which the Government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

In its Response [Doc. 41], the Government states generally that the indictment charges the Defendants with possession of firearms and ammunition on or about January 5, 2009, and contains all essential elements of the offense along with the applicable law. [Doc. 41 at 2]. The Government maintains that the Indictment is sufficient and no bill of particulars is needed. The Government's Response did not respond to the request for Rule 404(b) evidence directly. At the hearing held December 18, 2009, the Government added that it "intends to prove the defendant was a felon in possession on January 5th, 2009. Any other 404(b) evidence that may come into the trial with regard to that particular incident is not what the government is looking to prosecute." [Doc. 45 at 185].[1]

The Court finds that the Government's Indictment coupled with its statement that it intends to prove that the Defendants were felons in possession on January 5, 2009, clarify that the Government is prosecuting the Defendants for possession of firearms and ammunition on January 5, 2009, not December 31, 2008. Because the Indictment on its face states that the Defendants are alleged to have been in possession of firearms and ammunition on January 5, 2009, a Bill of Particulars stating the same is unnecessary and redundant. The Court finds that: the Defendants have been informed of the nature of the charges against them with sufficient precision to enable the Defendants to prepare for trial; there is no danger of surprise at the time of trial; and the Defendants' acquittal or conviction will be sufficiently specific to bar another prosecution of the same offense.

---

[1]Though this statement was initially made in reference to Defendant Campbell because he alone filed the Motion for Bill of Particulars, counsel at the hearing moved for the Motion to apply to all the Defendants. In the context of the hearing and because the Defendants are all charged together in a single-count indictment, it appears the Government's response applies to all of the Defendants.

8

Accordingly, the Court finds there is no need for a bill of particulars. See United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

The Court finds the Motion for Bill of Particulars **[Doc. 39]** is not well-taken, and it is **DENIED**.

### III. CONCLUSION

In sum, the Motion for Severance of Defendants **[Doc. 27]**, Motion for Exculpatory Evidence **[Doc. 30]**, Motion for Disclosure of Material Witnesses **[Doc. 31]**, and Motion for Bill of Particulars **[Doc. 39]** are **DENIED**, and the Motion for Pretrial Production of Witness Statements **[Doc. 29]** is **GRANTED**, in that statements by the Defendants that have not been provided to the Defendants shall now be provided to the Defendants.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge